ASHON v. BOARD OF COM'RS FOR PROTECTION OF BIRDS, GAME, AND FISH et al.

(Circuit Court, E. D. Louisiana. February 14, 1911.)

No. 13,843.

1. STATUTES (§ 110*)—VALIDITY—PLURALITY OF OBJECTS.
   Acts La. 1910, Nos. 132, 245, regulating the taking of fish from the navigable waters of the state, is not objectionable as embracing more than one object.
   [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 110.*]

2. CONSTITUTIONAL LAW (§ 236*)—REGULATION OF FISH—STATUTES.
   Acts La. 1910, Nos. 132, 245, regulating the taking of fish from the navigable waters of a state, was a proper exercise of police power, and was not objectionable as discriminatory.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 704; Dec. Dig. § 236.*]

3. CONSTITUTIONAL LAW (§ 230*)—DISCRIMINATION—LICENSES.
   Acts La. 1910, No. 245, § 8, imposing a license fee on persons engaged in fishing for market in the navigable waters of a state, does not impose a higher license fee on citizens employing both resident citizens and unnaturalized alien residents of Louisiana as fishermen than is imposed on citizens employing only citizen servants.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 687; Dec. Dig. § 230.*]

4. CONSTITUTIONAL LAW (§ 320*)—DUE PROCESS OF LAW — FISH NETS—DESTRUCTION.
   Acts La. 1910, No. 245, § 9, authorizing any game warden to seize and destroy unlicensed fish seines without a notice to the owner or an opportunity to defend against such proceeding, was unconstitutional, as depriving such owner of his property without due process of law.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 771; Dec. Dig. § 320.*]

In Equity. Suit by John Ashon against the Board of Commissioners for the Protection of Birds, Game, and Fish, and others, to restrain the enforcement of Acts La. 1910, Nos. 132, 245. Decree for complainant.

E. H. McCaleb, for complainant.
Amos L. Ponder, for defendants.

FOSTER, District Judge. John Ashon, a resident citizen of Louisiana, engaged in the business of catching salt water shrimp, brings his bill of complaint on behalf of himself and all persons similarly situated against the Board of Commissioners for the Protection of Birds, Game, and Fish, a commission created by the laws of Louisiana and charged with the enforcement of the fish and game laws, to enjoin it from putting into operation certain of these laws, to wit:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Acts Nos. 132 and 245 of the General Session of the Legislature of 1910. A general demurrer was filed to his bill, and subsequently, by stipulation, it was agreed that the demurrer be treated as an answer and the case be submitted to the court on final hearing upon the pleadings, affidavits, and papers on file.

The plaintiff alleges that said acts are void as the Louisiana Legislature under guise of exercising the police power has passed what are in reality revenue acts, which are conflicting and discriminate against him as a citizen, and which, if enforced, will deprive him of his property without due process of law and of the equal protection of the laws in violation of the fourteenth amendment of the Constitution of the United States. He also alleges said acts are void because embracing more than one object foreign to each other in violation of the Constitution of Louisiana. I do not find the acts complained of embrace more than one object, and I am satisfied the Legislature had the power to pass them, so it is immaterial what its intention was in so doing.

Plaintiff complains that by section 8 of Act No. 245 he will be compelled to pay a much higher license than is imposed on other citizens, because he employs both resident citizens and unnaturalized foreign residents of Louisiana. I do not think that section of the act will bear such interpretation, and it will be time enough to complain when the officers of the state attempt to so construe it.. In so far as the acts are ambiguous and conflict, I must assume that the defendants will so administer them as to discriminate against no one, and injunction will not lie until a proper case is presented.

As to section 9 of the act, authorizing the arbitrary seizure and destruction of unlicensed seines by any game warden, it would appear that, if the threat alleged is carried out, plaintiff would be deprived of his property without due process of law. The defendants rely upon the case of Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385, which upholds the constitutionality of an analogous New York statute, but I do not consider it fits the instant case. In the New York case all seines were prohibited, and the question of license did not appear. Under the Louisiana law a seine would not be a nuisance of itself, but would become so if the license tag was not attached. Furthermore, plaintiff's seines are alleged to be of considerable value, some $450 apiece, and I am inclined to think that to permit their seizure and destruction in the summary manner authorized by the act would be violative of his rights.

There will be a decree in favor of the complainant, perpetually enjoining the defendants, their agents, and employés from arbitrarily seizing and confiscating or destroying the plaintiff's seines, but reserving to the defendants their right to enforce the said acts of the Legislature in any lawful manner, costs of court to be paid by defendants.